IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANETTE LUBERA,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 1:19-cv-5976 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Anette Lubera, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the Southern District of New York pursuant to 29 U.S.C. § 1132(e)(2) because that is where the employee benefit plan was administered.

## PARTIES

4. Plaintiff, Anette Lubera, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Kings County, New York.

5. Defendant Reliance Standard Life Insurance Company (hereinafter "Reliance Standard"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Superintendent of the New York State Department of Financial Services, 1 State Street, New York, New York 10004-1511 pursuant to N.Y. Ins. § 1212.

6. Defendant Reliance Standard is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LTD 121371, issued by Reliance Standard to Genpact International, Inc.

## FACTS

7. Prior to her disability, Plaintiff was employed by Genpact International Inc., in its New York, New York location.

8. Genpact International Inc. offers a group long-term disability insurance as an employee benefit pursuant to the LTD Plan.

9. Plaintiff is a participant of the LTD Plan.

10. Benefits under the LTD Plan are insured by Group Policy No. LTD 121371.

11. Plaintiff ceased work due to a disability on December 25, 2016, while covered under the Plan.

12. Plaintiff's disability is related to the loss of almost all of her upper left leg muscles due to an aggressive flesh-eating infection, known as necrotizing fasciitis, which developed in Plaintiff's left leg on or around December 24, 2016, and required over forty separate surgical procedures to completely cure.

13. Due to her extensive muscle loss, Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

14. Plaintiff filed an application for LTD benefits under the Plan.

15. By letter dated August 28, 2017, Reliance Standard approved Plaintiff's LTD claim, and awarded her monthly benefits in the amount of $3,441.71.

16. Thereafter, Plaintiff received LTD benefits for the period between August 28, 2017 through July 26, 2018.

17. Concurrently, Plaintiff applied for Social Security Disability Benefits and was approved based on a finding by the Social Security Administration that she is disabled from performing any occupation as of December 23, 2016.

18. By letter dated July 26, 2018, Reliance Standard terminated Plaintiff's LTD claim.

19. Plaintiff appealed the denial of her LTD benefits by letter, receipt of which was acknowledged by Defendant on November 19, 2018, supporting her appeal with additional physical therapy records, a Functional Capacity Evaluation Report, and photographs of the current condition of her leg (photographs attached as Exhibit A).

20. By letter dated April 24, 2019, Reliance Standard denied that appeal, and stated that its decision was final.

21. Plaintiff has exhausted her administrative remedies under the LTD Plan.

22. Reliance Standard would pay any LTD benefits due out of its own funds.

23. Reliance Standard owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

24. Reliance Standard was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

25. Reliance Standard allowed its concern over its own funds to influence its decision-making.

26. Reliance Standard breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

27. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

28. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

29. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

30. The decisions to deny benefits were wrong under the terms of the Plan.

31. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

32. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

33. The decisions to deny benefits were not supported by substantial evidence in the record.

34. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

35. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 26th day of June, 2019.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:     */s/* Noah A. Breazeale
           Noah A. Breazeale (Tenn. Bar #037152)
           414 McCallie Avenue
           Chattanooga  TN  37402
           (423) 634-2506
           FAX:  (423) 634-2505
           nbreazeale@buchanandisability.com

*Motion for Pro Hac Vice to be filed contemporaneously*